**KOLLER LAW LLC**
David M. Koller (037082002)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LISA MOTYCZKA** | : | |
| **480 Willow Court** | : | |
| **Elizabeth, NJ 07208** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | **Complaint and** |
| **v.** | : | **Jury Demand** |
| | : | |
| **ROSEELLE PARK DENTAL &** | : | |
| **IMPLANTS** | : | |
| **205 Westfield Avenue W** | : | |
| **Roselle Park, NJ 07204** | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

Plaintiff, Lisa Motyczka, by and through her counsel, Koller Law LLC, by way of Complaint, alleges that her rights, pursuant to the Families First Coronavirus Response Act ("FFCRA") have been violated.  In support thereof, Plaintiff avers as follows:

## IDENTIFICATION OF THE PARTIES

1.  Plaintiff, Lisa Motyczka (hereinafter "Plaintiff"), is an adult individual who is domiciled at address listed above.

2.   Defendant, Roselle Park Dental & Implants (hereinafter "Defendant"), is a company engaged in the provision of dental care services.

3.   At all times material hereto, Plaintiff was an eligible employee under the FFCRA.

4.   Defendant is a company with less than 500 employees.

5.   At all times material hereto, Defendant was an eligible employer under the FFCRA.

## JURISDICTION AND VENUE

6.   The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7.   The FFCRA is a federal law and so this court maintains federal question jurisdiction over this matter.

8.   Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## MATERIAL FACTS

9.   Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10. On or about January 15, 2018, Defendant hired Plaintiff as its Hygiene Coordinator.

11. Plaintiff was qualified for her position and performed well.

12. On or around March 17, 2020, due to the COVID-19 pandemic, Defendant ceased operations and Plaintiff was temporarily laid off.

13. By way of background, Plaintiff is a single mother of three (3) school aged children.

14. As a result of the pandemic, New Jersey schools were closed for in-person instruction and Plaintiff needed to care for her children during their remote learning.

15. On or around May 10, 2020, Defendant informed Plaintiff of its plans to reopen for business on May 20, 2020.

16. In connection therewith, Defendant scheduled a meeting for all employees to virtually attend via Zoom on or about May 5, 2020.

17. On or about May 5, 2020, Defendant held the said meeting; however, Plaintiff was unable to attend due to her childcare responsibilities relating to COVID-19.

18. Thereafter, Plaintiff learned from Janice LNU, Front Desk & Ortho/Pediatric Coordinator, that there was going to be another meeting for all employees on May 10, 2020.

19.  Strangely, Defendant did not send Plaintiff notice of the second meeting.

20.  Notwithstanding same, Plaintiff obtained the requisite meeting information and attended the said meeting on or about May 10, 2020.

21.  Therein, Plaintiff learned that select employees of Defendant would be permitted to work remotely once business operations resumed.

22.  Immediately following the May 10th meeting, Plaintiff emailed her direct supervisor, Yamidel Melgarejo-Rosales, Office Manager, to discuss returning to work.

23.  By way of background, on May 4, 2020, it was announced that New Jersey schools would remain closed for in-person instruction throughout the remainder of the 2019/2020 school year due to the pandemic.

24.  Given the school closure, Plaintiff would be unable to report to the workplace since she would need to be home during her children's remote learning.

25.  Thus, Plaintiff explained to Ms. Melgarejo-Rosales that she would be unable to report to work in-person due to COVID-19-related childcare issues and offered to work remotely as she could perform all her job duties from home. Said conversation constituted a request for FFCRA leave as Plaintiff was an eligible employee and Defendant was required to allow Plaintiff to exercise her right to FFCRA leave under the circumstances.

26.  In response, Ms. Melgarejo-Rosales merely indicated that Defendant was considering taking disciplinary action against Plaintiff based on her absence at the May 5th meeting.

27.  Thereafter, Ms. Melgarejo-Rosales did not follow up with Plaintiff regarding whether or not she would be permitted to work from home, nor did Defendant provide Plaintiff with any further information about returning to work, such as a work schedule.

28.  On or about June 6, 2020, Defendant abruptly terminated Plaintiff's employment, allegedly due to "job abandonment" based on Plaintiff's absence at the May 5th meeting and a false claim that Defendant did not "hear back" from Plaintiff thereafter.

29.  As Plaintiff's May 5th absence was the result of COVID-19-related childcare issues, Plaintiff was legally entitled to leave under the FFCRA at this time and yet Defendant still penalized her for her inability to attend.

30.  Furthermore, Defendant deprived Plaintiff of her right to take a leave of absence under the FFCRA, opting instead to terminate her employment in short order.

31.  Notably, Merna Salvadore, Front Desk & Doctor's Coordinator, was similarly absent during the May 5th meeting; however, her employment was not similarly terminated.

32.  In addition, Defendant maintained a progressive discipline policy which would have required that Plaintiff receive a written warning prior to terminating her employment. Nevertheless, Defendant ignored its own discipline policy and hastily terminated Plaintiff's employment.

33.  Plaintiff believes and avers that Defendant interfered with her right to take a leave of absence under the FFCRA and/or retaliated against her based on her need and request for FFCRA leave.

**COUNT I – INTERFERENCE**
**FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)**
<u>**Lisa Motyczka v. Rosa Park Dental**</u>

34.  Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

35.  Plaintiff was eligible for leave under the FFCRA.

36.  At all times material, Defendant knew, or should have known, of Plaintiff's need for FFCRA leave because she was unable to report to work in-person due to her children's schools being closed as a result of COVID-19.

37.  Plaintiff was entitled to FFCRA leave.

38.  Plaintiff attempted to exercise her rights under the FFCRA.

39.  Defendant unlawfully prevented Plaintiff from obtaining those benefits.

40.  Defendant acted in bad faith by interfering with Plaintiff's request for FFCRA leave.

41.  Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FFCRA-related request for leave.

42.  As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff, Lisa Motcyzk, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

**COUNT II – RETALIATION**
**FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)**
**<u>Lisa Motyczka v. Rosa Park Dental</u>**

43.  The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

44. Plaintiff was eligible for FFCRA Leave.

45.  At all times material, Defendant knew, or should have known, of Plaintiff's need for FFCRA leave because she was unable to report to work in-person due to her children's schools being closed as a result of COVID-19.

46.  Plaintiff requested FFCRA leave.

47.  Plaintiff was entitled to benefits under the FFCRA.

48.  Plaintiff attempted to exercise her FFCRA rights.

49.  After requesting FFCRA leave, Defendant terminated her employment.

50.  Defendant's motivation for terminating Plaintiff's employment was connected causally to Plaintiff's request for FFCRA leave.

51.  Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FFCRA.

52.  As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and liquidated damages under the FFCRA.

**WHEREFORE**, Plaintiff, Lisa Motyczka, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, Lisa Motyczka, requests that the Court grant her the following relief against Defendant:

a)  Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b)  Compensatory damages;

c)  Liquidated damages;

d)  Reasonable attorneys' fees;

e)  Recoverable costs;

f)  Pre and post judgment interest;

g)  An allowance to compensate for negative tax consequences;

8

h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

i) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: June 4, 2021

*/s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com

*Counsel for Plaintiff*